**LAW OFICES OF TODD M. FRIEDMAN PC**
Todd M. Friedman (SBN: 216752)
tfriedman@toddflaw.com
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Telephone: (323) 306-4234
Facsimile: (866) 633-0228

*Attorneys for Plaintiff,*
Gil Melili

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GIL MELILI, Individually and On Behalf of All Others Similarly Situated,**<br><br>     **Plaintiff,**<br><br>  v.<br><br>**CHARTER COMMUNICATIONS OPERATING, LLC D/B/A SPECTRUM, a Delaware Corporation,**<br><br>     **Defendant.** | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  GIL MELILI ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CHARTER COMMUNICATIONS OPERATING, LLC D/B/A SPECTRUM ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do-

1   Not-Call provision of 47 C.F.R. § 64.1200.

2       2.     Plaintiff alleges as follows upon personal knowledge as to himself and
3   his own acts and experiences, and, as to all other matters, upon information and
4   belief, including investigation conducted by his attorneys.

5   **JURISDICTION AND VENUE**

6       3.     This Court has federal question jurisdiction because this case arises out
7   of violations of federal law. 47 U.S.C. § 227(c).

8       4.     Venue is proper in the United States District Court for the Central
9   District of California pursuant to 18 U.S.C. § 1391(b) because Defendant is subject
10  to personal jurisdiction in the County of Los Angeles, State of California, as not only
11  does Defendant regularly conduct business throughout the State of California, but
12  Plaintiff resides within the County of Los Angeles within the State of California.

13  **PARTIES**

14      5.     Plaintiff is, and at all times mentioned herein was, a citizen and resident
15  of the State of California, County of Los Angeles.  Plaintiff is, and at all times
16  mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

17      6.     Plaintiff is informed and believes, and thereon alleges, that Defendant
18  is, and at all times mentioned herein was, a Delaware corporation with its principal
19  place of business in St. Louis, Missouri.  Defendant, is and at all times mentioned
20  herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).
21  Plaintiff alleges that at all times relevant herein Defendant conducted business in the
22  State of California and in the County of Los Angeles, and within this judicial district.

23  **FACTUAL ALLEGATIONS**

24      7.     At all times relevant, Plaintiff was a citizen of the State of California.
25  Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47
26  U.S.C. § 153(39).

27      8.     Defendant is, and at all times mentioned herein was, a Corporation and
28  a "person," as defined by 47 U.S.C. § 153(39).

---

**CLASS ACTION COMPLAINT**

9.      At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

10.     Plaintiff's cellular telephone number ending in 4647 was added to the National Do-Not-Call Registry on or about June 9, 2020.

11.     Upon information and belief, Plaintiff called Defendant in November 2022 to set up residential internet services at a reduced price for twenty-four (24) months. During the process of setting up this service, Plaintiff asked one of Defendant's agents whether there was any contract involved. In response, Defendant's agent indicated that there was no contract and that the next step for Plaintiff to set up his service was to pick up an internet modem from one of Defendant's retail locations.

12.     At no point during his calls with Defendant did Plaintiff provide Defendant with prior express consent to call his cellular telephone number. Defendant has nevertheless called Plaintiff's cellular telephone several times,[1] between approximately November 29, 2022, and December 28, 2022, from the telephone numbers (816) 684-3022, (818) 798-3640, and (747) 263-4738.

13.     Such phone calls constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200, as they were an attempt to promote or sell Defendant's services.

14.     Plaintiff received five (5) telephone solicitations from Defendant within a 12-month period.

15.     On or about November 29, 2022, at about 11:52 p.m. PST, Defendant called Plaintiff's phone using its (816) 684-3022 phone number.

16.     On or about November 30, 2022, at about 2:29 p.m. PST, Defendant called Plaintiff's phone using its (816) 684-3022 phone number. During that call,

---

[1] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on June 3, 2021: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.

one of Defendant's agents told Plaintiff that, as a new internet subscriber, Plaintiff was also eligible for other services through Spectrum. In response, Plaintiff told Defendant's agent that he was not interested in Defendant's other services and that his cellular telephone number was on the National Do-Not-Call Registry.

17.    On or about December 5, 2022, at about 11:13 a.m. PST, Defendant called Plaintiff's phone using its (818) 798-3640 phone number. During that call, another one of Defendant's agents offered Plaintiff services similar to those offered by Defendant on or about November 30, 2022. In response, Plaintiff repeated his disinterest in Defendant's other services. Plaintiff also told Defendant's agent that he had previously indicated to Defendant that his cellular telephone number was on the National Do-Not-Call Registry. Plaintiff then explicitly told Defendant's agent that he wanted Defendant to stop calling his cellular telephone number. Based on Plaintiff's request, Defendant's agent indicated to Plaintiff that Defendant would no longer call Plaintiff.

18.    However, that was not the case. On or about December 7, 2022, at about 5:49 p.m. PST, Plaintiff received a voice message from another one of Defendant's agents, who identified himself as "Ken from Spectrum." The voice message came from Defendant's phone number (747) 263-4738.

19.    As part of the December 7, 2022, voice message, Defendant's agent advertised "some gangbuster deals," including "three months free" of Spectrum's services and "reduced price for 24 months thereafter."

20.    On or about December 8, 2022, at about 4:42 p.m. PST, Plaintiff received another voice message from Defendant's (747) 263-4738 number. In that voice message, Ken followed up on his last voice message and asked whether Defendant could help set up its services.

21.    On or about December 8, 2022, at about 6:18 p.m. PST, Plaintiff received yet another call from Defendant's (747) 263-4738 number. This time, Plaintiff answered the call and informed Defendant's agent that he had previously

informed Defendant that he was on the National Do-Not-Call Registry and did not want to be called.

22.     On or about December 11, 2022, at about 12:30 p.m. PST, Plaintiff visited one of Defendant's retail locations in Encino, California, to pick up a modem and to ask (in person) for Defendant to stop making telemarketing calls to his cellular phone number.

23.     However, after approximately three (3) weeks of not receiving calls from Defendant, Plaintiff received a text message from Defendant on or about December 28, 2022, at about 5:05 p.m. PST, whereby Defendant texted Plaintiff as follows: "Spectrum: Your secure, reliable Internet service is now FASTER at 500 Mbps (wireless speeds may vary). Check your speed at speedtest.net."

24.     In response to the December 28, 2022, text message, Plaintiff messaged "STOP," to which Defendant replied, in pertinent part, "You have been unsubscribed from Spectrum Alerts, no more messages will be sent."

25.     Defendant's calls solicited additional services to Plaintiff and other similarly situated consumers for the purpose of providing Defendant with a financial benefit.

26.     Plaintiff did not give permission for Defendant to call his cellular telephone number.

27.     Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

28.     Indeed, any established business relationship for purposes of telemarketing and telephone solicitation ended with Plaintiff's requests to stop calling, which were made on at least December 5, 2022; December 8, 2022; December 11, 2022; and December 28, 2022.

29.     Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to call Plaintiff's personal cellular telephone for marketing or solicitation purposes.

30.     Upon information and belief, Defendant did not make at least some of the telephone solicitations in error.

31.     Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Classes").

33.     Plaintiff represents, and is a member of, the National DNC Class, consisting of:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 31 days, who received more than one telephone solicitation made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within the four years prior to the filing of the Complaint.

34.     Plaintiff represents, and is a member of, the Internal DNC Class, consisting of:

> All persons within the United States who, within the four (4) years prior to the filing of this Complaint, were called by Defendant or anyone on Defendant's behalf, to said person's cellular telephone number after making a request to Defendant to not receive future calls.

35.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the class members number in the thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

36.     Plaintiff and members of the Classes were harmed by the acts of

Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the class members whose cellular telephone numbers were on the National Do-Not-Call Registry or Internal Do-Not-Call list.  Plaintiff and the class members were damaged thereby.

37.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the definitions of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38.    The joinder of the class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.  The class can be identified through Defendant's records or Defendant's agents' records and the National Do-Not-Call Registry.

39.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Classes predominate over questions which may affect individual class members, including the following:

    a.  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Classes whose telephone numbers were on the National Do-Not-Call Registry and who had no established business relationship with Defendant;

    b.  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Classes who had already made a request to Defendant not to receive future calls;

c. Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the class members' telephones;

d. Whether Plaintiff and the class members were damaged thereby, and the extent of damages for such violation; and

e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

40.    As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the National DNC Class.  Plaintiff will fairly and adequately represent and protect the interests of the National DNC Class in that Plaintiff has no interests antagonistic to any member of the National DNC Class.

41.    Additionally, as a person who received more than one telephone solicitation from Defendant after explicitly making a request to Defendant not to receive future calls within the last four (4) years, Plaintiff is asserting claims that are typical of the Internal DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the Internal DNC Class in that Plaintiff has no interests antagonistic to any member of the Internal DNC Class.

42.    Plaintiff and members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

43.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

**CLASS ACTION COMPLAINT**

44.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45.     Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *ET SEQ.*

46.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*., including implementing regulation 47 C.F.R. § 64.1200.

48.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

49.     Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

\\

\\

\\

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

50.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200.

52.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Classes are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

53.     Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

54.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

55.     Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

56.     Costs of suit.

57.     Pre and post-judgment interest.

58.     Reasonable attorneys' fees pursuant to, inter alia, the common fund

---

**CLASS ACTION COMPLAINT**

doctrine.

59.     Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL**

**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

60.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

61.     Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

62.     Costs of suit.

63.     Pre and post-judgment interest.

64.     Reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine.

65.     Any other relief the Court may deem just and proper.

**Trial By Jury**

66.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: January 13, 2023          **LAW OFFICES OF TODD M. FRIEDMAN PC**

By: /s/ Todd M. Friedman
Todd M. Friedman, esq.
tfriedman@toddflaw.com
Attorneys for Plaintiff

---